NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| DOLORES SCIOSCIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 08-2593 (AET) |
| | : | |
| TARGET CORP., et al., | : | **MEMORANDUM & ORDER** |
| | : | |
| Defendants. | : | |

---

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiff Dolores Scioscia's Motion to Remand Pursuant to 28 U.S.C. § 1447(c). The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is denied.

## BACKGROUND

On March 14, 2008, Plaintiff, a citizen of New Jersey, filed a Complaint in Ocean County Superior Court, alleging two counts of negligence against Defendants Target Corporation ("Target"), Dayton Hudson/Mervyn,[1] John Does 1-5, and ABC Maintenance Corporations 1-5. Defendant Target Corporation is incorporated, and has its principal place of business, in Minnesota. (Def's. Notice of Removal.) Plaintiff's action arises out of a fall she sustained on December 20, 2007, in a Target store in Brick, New Jersey, in which she suffered a broken arm.

---

[1] Dayton Hudson Corporation, captioned incorrectly as Dayton Hudson/Mervyn in Plaintiff's Complaint, is the former name of the Target Corporation. (Def.'s Notice of Removal, ¶ 6.) As such, the citizenship of defendants sued under fictitious names are disregarded. 28 U.S.C. § 1441(a).

(Scioscia Cert., ¶ 2.)  Plaintiff's Complaint does not specify a damages amount.

On May 27, 2008, Defendant Target filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, in the District of New Jersey, and asserted federal jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Plaintiff now moves to remand this action to state court, on the basis that the amount-in-controversy requirement for diversity jurisdiction has not been met.

<u>DISCUSSION</u>

Defendant Target argues that the Court has diversity jurisdiction, because the parties are diverse, and because the Complaint can be read to allege damages in excess of $75,000, the amount-in-controversy requirement of 28 U.S.C. § 1332(a).  Plaintiff contends that Defendant Target has not sustained its burden of proving that the amount-in-controversy requirement has been met, and, therefore, the Court does not have subject matter jurisdiction over this action.

A.    <u>Standard of Review for Remand</u>

A federal court must have subject matter jurisdiction in order to hear a case.  Subject matter jurisdiction in federal court falls within two categories of disputes: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging an amount-in-controversy in excess of $75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.[2]

Under 28 U.S.C. § 1441(a), a defendant in state court can attempt to remove to federal

---

[2]    Defendant Target removed this case to federal court pursuant to 28 U.S.C. § 1332, asserting "diversity jurisdiction."  The parties do not dispute that diversity of citizenship exists between the parties, and that the case presents no federal question pursuant to 28 U.S.C. § 1331.

-2-

court any case over which the federal court would have had original jurisdiction.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Upon removal, however, the district court may remand the case to state court if the court finds that it lacks subject matter jurisdiction.  28 U.S.C § 1447(c).  Further, the removing party has the burden of showing the propriety of removal by establishing the existence of federal subject matter jurisdiction.  See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995).

The federal statutes governing removal are strictly construed in favor of remand.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

B.    Determination of the Amount-in-Controversy

Plaintiff and Defendant Target disagree over which party bears the burden of proving whether the damages claimed in this action exceed the amount-in-controversy requirement, and which evidentiary standard should apply.  Defendant Target argues that the Court should dismiss Plaintiff's action only if it appears to a "legal certainty" that Plaintiff could not recover the amount-in-controversy, or greater.  However, Plaintiff argues that Defendant Target, as the party asserting federal jurisdiction, bears the burden of proving, by a preponderance of evidence, that Plaintiff's damages exceed the amount-in-controversy.

Where the relevant jurisdictional facts are not in dispute, or where fact-finding has occurred, the Court should employ the "legal certainty" test, which mandates dismissal of an action when, "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount."  Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 397-98 (3d Cir. 2004).  However, where disputes over the relevant facts exist, the removing party must

-3-

prove its allegations of jurisdiction by a preponderance of evidence.  Id.  Further, a court should

not engage in jurisdictional fact-finding if it would constitute a decision on the merits.  Id. at 398

n.4.

       Here, a pre-trial ruling to determine whether Plaintiff's damages meet the amount-in-

controversy requirement of 28 U.S.C. § 1332(a) effectively would constitute a decision on the

merits of Plaintiff's negligence claims.  Although Defendant Target argues that the Third Circuit

held, in Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007), that the party challenging the

court's subject matter jurisdiction bears the burden of proving to a legal certainty that the amount

in controversy could not exceed the statutory minimum, id. at 195, Defendant Target's reliance

on this case is missplaced.  The Frederico court stated that the preponderance of evidence

standard is appropriate in those cases where a dispute over the jurisdictional facts exists.  Id. at

194.  Accordingly, Defendant Target, as the removing party, is required to prove that the amount-

in-controversy is met by a preponderance of evidence.

       In determining whether the jurisdiction amount has been satisfied, the court must first

look to the complaint.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993).  Plaintiff's

Complaint does not mention a specific damages figure.  However, Defendant Target argues that

Plaintiff has alleged that, as a result of its negligence, "[P]laintiff was seriously and permanently

injured, she was caused to and did seek medical attention in an effort to cure herself of her

injuries, was prevented from attending to her usual business and was otherwise permanently

damaged."  (Ex. A to O'Hara Cert., ¶ 5.)  Further, Defendant Target cites the medical report

furnished by Plaintiff's treating physician, Dr. Christopher J. Spagnuola, which describes

Plaintiff's fracture as "significant"  (Progress Note of Dr. Spagnuola, attached to Kessel Cert.), to

support its argument that Plaintiff's damages exceed $75,000.

Plaintiff argues that she elected not to undergo surgery for her injuries, which she contends place her damages below $75,000. (Scioscia Cert., ¶ 4.) Moreover, Plaintiff's counsel, Steven L. Kessel, opines that, in his experience, juries tend to value injuries of the type Plaintiff has suffered below $75,000, and that a jury may find Plaintiff to be comparatively negligent, which could also reduce her damages award. (Kessel Cert., ¶ 5.) Further, Plaintiff argues that she has offered to settle her claims for less than $75,000, as evidence of a ceiling on her damages. (Pl.'s Reply Br. at 4.) However, a plaintiff's valuation of her damages cannot destroy the existence of federal jurisdiction. Angus, 989 F.2d at 145. The Court declines to engage in any jurisdictional fact-finding. The Court finds that allegations that Plaintiff suffered permanent damage, and could not attend to her usual business, and Dr. Spagnuola's descriptions of Plaintiff's injuries, satisfy Defendant Target's burden of proving by a preponderance of evidence that the amount in controversy requirement has been met. Therefore, Plaintiff's Motion to Remand is denied.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 8th day of July, 2008,

ORDERED that Plaintiff Dolores Scioscia's Motion to Remand Pursuant to 28 U.S.C. § 1447(c) [5] is DENIED.

s/ Anne E. Thompson

_____

ANNE E. THOMPSON, U.S.D.J.